**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Creg Travis Shaffer,                              )    No. CV-24-03138-PHX-SPL
                                                  )
                        Plaintiff,                )
                                                  )    **ORDER**
vs.                                               )
                                                  )
Abbott Laboratories et al.,                       )
                                                  )
                        Defendants.               )
                                                  )
_____              )

Before the Court is Defendant Abbott Laboratories' Motion to Dismiss (Doc. 6), Plaintiff Creg Travis Shaffer's Response (Doc. 11), and Defendant's Reply (Doc. 19). The Court now rules as follows.[1]

## I.    BACKGROUND

On January 9, 2024, Plaintiff Creg Travis Shaffer, an Arizona resident, suffered severe injuries while working on a job for Refrigeration Systems Construction and Service at Defendant Abbott Laboratories' ("Defendant Abbott") Abbott Nutrition manufacturing and distribution center. (Doc. 1 at 10–11). While replacing equipment on the center's ammonia refrigeration system, ammonia gases were released into Plaintiff's face and upper body, causing him to suffer severe chemical and temperature burns and inhalation injuries. (*Id.* at 11–12). Plaintiff alleges that the incident was reported to the Arizona Division of

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Occupational Safety and Health ("ADOSH"), and the ADOSH's subsequent investigation revealed conditions that violated of the Arizona Occupational Safety and Health Act ("AOSHA"). (*Id.* at 12).

On October 7, 2024, Plaintiff filed suit in Maricopa County Superior Court against Defendant Abbott and various unidentified defendants. (*Id.* at 6, 9). Plaintiff alleges strict liability and negligence claims. (*Id.* at 13–14). On November 11, 2024, Defendant Abbott removed the case to federal court. (Doc. 1). Defendant Abbott moved to dismiss Plaintiff's strict liability claim on November 18, 2024. (Doc. 6).

## II.    LEGAL STANDARD

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave Cnty.*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (Rule 12(b)(6) provides "the one and only method for testing" whether pleading standards set by Rule 8 and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 599–600 (7th Cir. 2006) (Rule 12(b)(6) "does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Secs. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024) (citation omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL

79882, at *1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.    DISCUSSION

Plaintiff's Complaint alleges that he "is entitled to rely on strict liability in tort pursuant to A.R.S. §§ 23-403, 23-410, and 23-418." (Doc. 1 at 13). Defendant Abbott argues that dismissal is warranted because AOSHA does not provide a private right of action, let alone a cause of action for strict liability. (Doc. 6-1 at 3). In his Response, Plaintiff argues that AOSHA does not specifically prohibit a private right of action and that, alternatively, breach of the statute constitutes negligence per se. (Doc. 11 at 2–3).

### a.  Private Right of Action

AOSHA neither expressly confers nor forecloses a private right of action. Nor has the Arizona Supreme Court ruled on the issue. In determining whether statutes provide a private right of action, Arizona courts "begin with the statutory language, which is the best and most reliable index of its meaning." *Burns v. City of Tucson*, 432 P.3d 953, 955 (Ariz. Ct. App. 2018), *as amended* (Nov. 27, 2018) (internal quotation marks omitted). "[I]n the absence of express language, Arizona law more broadly implies a private right of action when consistent with the context of the statutes, the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law." *Id.* (internal quotation marks omitted).

This Court is not convinced that AOSHA's statutory scheme provides a private right of action. With respect to the language of the statute, several provisions indicate that the Arizona Division of Occupational Safety and Health is solely responsible for enforcement of the proscribed regulations and standards. *See* A.R.S. § 23-407 ("The division on behalf of the commission shall … [h]ave the authority to enforce all such standards or rules"); A.R.S. § 23-417 (providing an enforcement procedure handled by the director of ADOSH); A.R.S. § 23-418 (providing that "[t]he commission shall have authority to assess all civil penalties provided in this section" and all "civil penalties owed under this article shall be paid to the commission for deposit in the state general fund."); *see also* A.R.S. § 23-423(I) (providing that the decision of board is final unless a party applies for a writ of certiori to

the court of appeals and limiting the court's review to the findings of and evidence before the division review board). To that end, it appears any employee rights are limited to the administrative adjudication process. *See* A.R.S. § 23-429 (affected employees may designate representation "for the purpose of proceedings before any administrative law judge or review board"); A.R.S. § 23-408(K) (employees that believe a regulation violation exists that threatens physical harm or danger may request an investigation by giving notice to the director); A.R.S. § 23-417(D) ("Any affected employee or employee representative may request a hearing to appeal the period allowed an employer to abate a particular violation pursuant to § 23-420"). Plaintiff has not cited, and the Court is not aware of, any case in which Arizona courts have found an implied right of action in the presence of similar statutory language.

Moreover, in enacting AOSHA, the Arizona legislature adopted the Federal Occupational Safety and Health Standards ("OSHA"). *Div. of Occupational Safety & Health of Indus. Comm'n of Ariz. v. Chuck Westenburg Concrete Contractors, Inc*., 972 P.2d 244, 251 (Ariz. Ct. App. 1998), *as amended* (Mar. 3, 1999). To that end, Arizona courts have "recognized that federal case law is persuasive in interpreting" the Arizona regulations. *Id.* It is widely accepted that OSHA does not provide a private right of action. *Clark v. Wells Fargo Bank*, 669 F. App'x 362, 363 (9th Cir. 2016); *Wendland v. AdobeAir, Inc*., 221 P.3d 390, 393 (Ariz. Ct. App. 2009). As such, this Court is not convinced that a private right of action is consistent "with the context of the statutes, the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law." *Burns*, 432 P.3d at 955. On this basis, Plaintiff's strict liability claim lacks a cognizable legal theory.

### b. Negligence Per Se

To the extent that Plaintiff's claim for strict liability is a claim that Defendant Abbott was negligent per se, as Plaintiff argues in his Response (Doc. 11 at 2), the Court finds that Plaintiff fails to state a claim upon which relief may be granted.

"Negligence per se results from the violation of specific requirements of law or

ordinance." *Deering v. Carter*, 376 P.2d 857, 860 (Ariz. 1962). It refers to "those instances where certain acts or omissions constitute negligence without further inquiry [into] the circumstances or reasonableness of their occurrence." *Id.* To that end, it "is not a cause of action separate from common law negligence. It is a doctrine under which a plaintiff can establish the duty and breach elements of a negligence claim based on a violation of a statute that supplies the relevant duty of care." *Craten v. Foster Poultry Farms Inc.*, 305 F. Supp. 3d 1051, 1054 n.2 (D. Ariz. 2018); *see also Calyxt Inc. v. Tri-Rotor LLC*, No. CV-20-01221-PHX-DLR, 2024 WL 2699938, at *8 (D. Ariz. May 24, 2024); *Wing v. U-Haul Int'l, Inc.*, No. 1 CA-CV 18-0765, 2020 WL 773474, at *3 (Ariz. Ct. App. Feb. 18, 2020) ("The negligence per se doctrine allows a plaintiff to establish the elements of duty and breach in a negligence claim by proving the defendant violated the statute that supplies the relevant duty of care."). As such, any claim Plaintiff has for negligence per se is subsumed into his negligence claim against Defendant. The Court finds that Plaintiff's claim lacks a cognizable legal theory on this basis, as well.

## IV.    CONCLUSION

All told, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A district court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

Both of Plaintiff's theories of liability fail to support a valid cause of action for his strict liability claim. As such, Plaintiff's strict liability claim cannot be cured with further amendment and is thus futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). Therefore, this claim is dismissed with prejudice.

///

///

Accordingly,

**IT IS ORDERED** that Defendant Abbott Laboratories' Motion to Dismiss (Doc. 6) is **granted with prejudice**. Plaintiff's Count One – Strict Liability is dismissed.

Dated this 29th day of January, 2025.

Honorable Steven P. Logan
United States District Judge