**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Creg Travis Shaffer,<br><br>   Plaintiff,<br><br>vs.<br><br>Abbott Laboratories, et al.,<br><br>   Defendants. | No. CV-24-03138-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff Creg Travis Shaffer's Renewed Motion for Leave to Amend Complaint and Motion to Remand (Doc. 32), Defendant Abbott Laboratories' Response in Opposition (Doc. 36), and Plaintiff's Reply (Doc. 39). The Court now rules as follows.

**I.   BACKGROUND**

On January 9, 2024, Plaintiff Creg Travis Shaffer, an Arizona resident, suffered severe injuries while working on a job for Refrigeration Systems Construction and Service at Defendant Abbott Laboratories' ("Defendant Abbott") Abbott Nutrition manufacturing and distribution center. (Doc. 1 at 10–11). While replacing equipment on the center's ammonia refrigeration system, ammonia gases were released into Plaintiff's face and upper body, causing him to suffer severe chemical and temperature burns and inhalation injuries. (*Id.* at 11–12). Plaintiff alleges that the incident was reported to the Arizona Division of Occupational Safety and Health ("ADOSH"), and the ADOSH's subsequent investigation revealed conditions that violated of the Arizona Occupational Safety and Health Act

("AOSHA"). (*Id.* at 12).

On October 7, 2024, Plaintiff filed suit in Maricopa County Superior Court against Defendant Abbott and various unidentified defendants, asserting strict liability and negligence claims. (*Id.* at 6, 9, 13–14). On November 11, 2024, Defendant Abbott removed the case to federal court. (Doc. 1). On January 29, 2025, the Court dismissed Plaintiff's strict liability claim. (Doc. 22).

On May 12, 2025, Plaintiff filed the present Motion to Amend his Complaint to name additional defendants in this action. (Doc. 32 at 2). As these proposed additional defendants are Arizona residents, their addition would destroy this Court's diversity jurisdiction. (*Id.* at 2–3). As such, Plaintiff also seeks to remand this case to Maricopa County Superior Court. (*Id.* at 5).

## II.   LEGAL STANDARD

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Lorona v. Arizona Summit Law Sch., LLC*, 151 F. Supp. 3d 978, 997 (D. Ariz. 2015). Under 28 U.S.C. § 1447, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Ninth Circuit has held that the "permissive" language of § 1447(e) leaves "the decision regarding joinder of a diversity destroying-defendant . . . to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

Although Section 1447(e) does not specify how district courts should exercise this discretion, district courts within the Ninth Circuit frequently "consider the prejudice to the plaintiff, balance the equities, and determine whether injustice would occur" in assessing whether to join additional defendants. *Wang v. Costco Wholesale Corp.*, 223CV01097JADBNW, 2024 WL 279113, at *3 (D. Nev. Jan. 9, 2024), *report and recommendation adopted*, 223CV01097JADBNW, 2024 WL 279109 (D. Nev. Jan. 25, 2024) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)) (discussing application of 28 U.S.C. § 1447(e) within the Ninth Circuit); *Gatz v. Life Time Inc.*, CV-

24-02691-PHX-JAT, 2025 WL 1222285, at *2 (D. Ariz. Apr. 28, 2025) (same). While some courts within the Ninth Circuit apply a six- or nine-factor test, the Ninth Circuit has recently affirmed district court's application of the aforementioned three factors in an unpublished decision, *see 3WL, LLC v. Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021), and other courts in this district have opted to apply the three-factor consideration.[1] *Gat*, 2025 WL 1222285, at *2 (applying three *Newcombe* factors over tests).

### III.   DISCUSSION

Plaintiff seeks to add four Abbott Laboratories personnel—Douglas Taylor, Bob Stuart, Sean Baker, and Jax Smith—he believes acted negligently. (Doc. 32 at 2-3). Defendant Abbott argues that these individuals are not necessary parties, that complete relief is available to Plaintiff in their absence, and that the claims asserted against them are insufficient. (Doc. 36 at 2).

Although Defendant Abbott argues that Plaintiff will suffer no meaningful prejudice if joinder is denied because it can accord complete relief without the additional defendants, it does not automatically follow that no prejudice exists. *See Lieberman v. Wal-Mart Stores, Inc.*, No. 2:12-CV-1650-JCM-PAL, 2013 WL 596098, at *5 (D. Nev. Feb. 15, 2013) ("[A]lthough defendant stated that it can satisfy the judgment, that does not necessarily mean that no prejudice exists."). Plaintiff asserts that the Amended Complaint will assert independent negligence claims against the new defendants and that relevant information about the proposed new defendants was not available to him prior to filing suit. (Doc. 39 at 7). Because the statute of limitations has passed, Plaintiff would be unable to pursue his claims in state court. (Doc. 32 at 4 n.2). As such, if the Court denied joinder,

---

[1] Defendant applies the six factors from *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575 (D. Ariz. 2003), which consider (1) whether the party sought to be joinded is necessary under Fed. R. Civ. P. 19; (2) the plaintiff's motive in seeking joinder; (3) the delay in adding the new defendant; (4) whether, if joinder is denied, the statute of limitations would bar an action against the new defendant in state court; (5) the apparent validity of the claim; and (6) any prejudice to the plaintiff if the amendment is denied. (Doc. 36 at 3). "All this to say that the Court clearly has discretion to consider the factors it finds relevant." *Gatz*, 2025 WL 1222285, at *2 n.5. As there is overlap between the *Newcombe* factors and the *Ansley* factors that Defendant applies, the Court will incorporate Defendant's analysis as it sees fit.

3

Plaintiff would be forced to forego his claims against the proposed additional defendants, and—as Defendant Abbott apparently concedes—the factual basis for any claim against these defendants is the same as that for any claim against Defendant Abbott. (*Id.* at 8). Thus, the Court finds that Plaintiff would be prejudiced if denied joinder, whereas Defendant Abbott's position would remain essentially the same.

Additionally, to the extent Defendant Abbott seeks to attack Plaintiff's diligence in filing the instant motion, the Court is unconvinced. (Doc. 36 at 7). While Plaintiff could have been more proactive in bringing this motion, the Court's Rule 16 Case Management Order provides that the "deadline for joining parties, amending pleadings, and filing supplemental pleadings is August 1, 2025," and Plaintiff moved to amend to join the proposed Defendants well before that deadline. (Doc. 28 at 1–2). Thus, the Court finds the timing of the Motion does not weigh against joinder.

## IV. CONCLUSION

All told, the Court will exercise its discretion to grant Plaintiff's Motion to Amend Complaint to add the additional proposed defendants. However, this Court cannot remand the case due to lack of diversity jurisdiction until its diversity jurisdiction over this matter is destroyed. The Court directs Plaintiff to file its proposed Amended Complaint by August 27, 2025.[2] The Court will defer ruling on Plaintiff's Motion to Remand until that time.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint and Motion to Remand (Doc. 32) is **granted in part**. Plaintiff may file an Amended Complaint on the docket no later than **August 27, 2025**.

///
///
///
///

---

[2] Although the proposed Amended Complaint was attached as an exhibit to Plaintiff's Motion, it was not separately lodged on the docket.

4

1    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 32)
2  remains **under advisement**.
3       Dated this 21st day of August, 2025.

                                            Honorable Steven P. Logan
                                            United States District Judge