**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Creg Travis Shaffer,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Abbott Laboratories, et al.,<br><br>　　　　　Defendant. | No. CV-24-03138-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Remand to State Court. (Doc. 32). For the following reasons, the Motion is granted.

Plaintiff Creg Travis Shaffer, an Arizona resident, initiated this action seeking damages for negligence and strict liability in Maricopa County Superior Court. (Doc. 1). On November 11, 2024, Defendant Abbott removed the case to federal court based on diversity jurisdiction. (Doc. 1). On May 12, 2025, Plaintiff filed a Motion for Leave to File an Amended Complaint to add defendants and Motion to Remand, as the addition of those defendants would destroy this Court's diversity jurisdiction. (Doc. 32). The Court granted Plaintiff's Motion for Leave to File an Amended Complaint but deferred on ruling on Plaintiff's Motion to Remand, as the Court retained jurisdiction until Plaintiff filed the Amended Complaint. (Doc. 41). On August 21, 2025, Plaintiff filed his First Amended Complaint, in which he added four Abbott Laboratories personnel—Douglas Taylor, Bob Stuart, Sean Baker, and Jax Smith—to this action. (Doc. 42 at 3).

Federal courts may exercise removal jurisdiction over a case only if subject matter

jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of establishing subject matter jurisdiction as a basis for removal by a preponderance of the evidence. *Id.* at 1117; *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988). To satisfy this burden under 28 U.S.C. § 1441, the removing party must demonstrate that jurisdiction existed at the time of removal. *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009). For diversity cases, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Whereas the Constitution contemplates minimal diversity, 28 U.S.C. § 1332 requires complete diversity—no plaintiff may be a citizen of the same state as any defendant. *Cady v. Am. Family Ins. Co.*, 771 F. Supp. 2d 1129, 1130 (D. Ariz. 2011). There is a "strong presumption against removal jurisdiction," which "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

Plaintiff argues that this case must be remanded state court because complete diversity does not exist between the parties to this litigation. (Doc. 32 at 5). Specifically, the Plaintiff argues that the addition of Defendants Douglas Taylor, Bob Stuart, Sean Baker, and Jax Smith eliminates complete diversity of citizenship. (*Id.*). Plaintiff identifies these Defendants as Arizona residents in the First Amended Complaint. (Doc. 42 at 3). As such, there is not complete diversity of citizenship between the parties, and this Court lacks subject matter jurisdiction over the action. Pursuant to 28 U.S.C. § 1447(c), the Court must remand this action. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 32) is **granted**.

///
///
///
///

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Maricopa County Superior Court and **terminate** this case.

Dated this 21st day of August, 2025.

_____
Honorable Steven P. Logan
United States District Judge